649 F.2d 814
 62 A.L.R.Fed. 866
 RAMOCO INC. and Ram Petroleums, Inc., Plaintiffs-Appellants,
v.
Cecil ANDRUS, Secretary of the Interior of the United States
of America, Edward W. Stuebing and Douglas E.
Henriques, Administrative Judges of the
Interior Board of Land
Appeals, Defendants-Appellees.
 No. 80-1100.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Oct. 14, 1980.
Decided May 27, 1981.
 
 Craig R. Carver (with Teryl R. Gorrell, on the brief), of Head, Moye, Carver & Ray, Denver, Colo. (and with H. Byron Mock and Joel R. Dangerfield of Mock, Shearer & Carling, Salt Lake City, Utah, on the brief), for plaintiffs-appellants.
 David C. Shilton (with Dirk D. Snel on the brief), Dept. of Justice, Washington, D. C. (and with Sanford Sagalkin, Acting Asst. Atty. Gen., Washington, D. C., Ronald L. Rencher, U. S. Atty., and Wallace T. Boyack, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for defendants-appellees.
 Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Plaintiffs received notice on July 14, 1977 that certain of their federal oil and gas leases had been terminated by operation of law under 30 U.S.C. § 188(b) because rental payments had not been received on or before July 1, 1977, the date they were due. As required by the applicable reinstatement provision, see id. § 188(c), plaintiffs within twenty days after the due date tendered all rentals due and petitioned the Utah State Office of the Bureau of Land Management for reinstatement of the leases, alleging that its failure to make timely payment "was either justifiable or not due to a lack of reasonable diligence on the part of the lessee."[1] The only requirements of the reinstatement provision in issue were the "justifiable" and "reasonable diligence" requirements. The Utah State Office denied the Petitions for Reinstatement, and the Interior Board of Land Appeals affirmed that decision. Plaintiffs then sought relief in federal district court where, on cross-motions for summary judgment, the district court upheld the denial of reinstatement.
 
 
 2
 The administrative record shows that plaintiffs designated a certain employee to ascertain which rental payments were due, and to type and to mail all rental checks in advance of the due dates. For several months prior to the due date for rental payments on the leases that were eventually cancelled, this employee followed these instructions in a satisfactory manner. Not long before the due date for the cancelled leases, plaintiffs' attorney on one occasion and their president on another asked this employee whether all rental payments that soon would be due had been tendered. The employee responded that all her work was in order. These inquiries were made of the employee sufficiently in advance of the due date so that, had the employee answered truthfully, timely payments could still have been made. Whether intentionally or negligently,[2] however, the employee in fact had not paid the rents when the inquiries were made and did not make them at any time before the due date. Plaintiffs first became aware of the nonpayment when they received notices terminating the leases.
 
 
 3
 The transcripts of BLM and IBLA decisions reveal that the Secretary of the Interior reads § 188(c)'s "justifiable" standard to exonerate only late payments proximately "caused by factors outside the lessee's control," and that the Secretary normally will not consider an argument under § 188(c)'s "reasonable diligence" standard unless the rental payment was mailed "sufficiently in advance of the due date to account for normal delays in the collection, transmittal, and delivery of the mail."[3] Record, vol. 1, at 15. Thus, the Secretary's interpretation of "reasonable diligence" and "justifiable" is broad enough to reinstate leases where the government received payments late due only to illness, Billy Wright, 29 IBLA 81 (1977); to injury to a key employee, David Kirkland, 19 IBLA 305 (1975); to severe winter weather, Genevieve C. Aabye, 33 IBLA 285 (1978); or to natural disasters, such as floods or earthquakes, Fuel Resources Development Co., 43 IBLA 19, 21-22 (1979). In contrast, the Secretary has consistently declined to reinstate leases where late payments resulted from errors of the lessee or his employees. See Fuel Resources Development Co., 43 IBLA 19, 21 (1979); Phillips Petroleum, 29 IBLA 114 (1977). Consistent with these cases, the IBLA found here that, not being a factor outside the lessee's control, "the inadvertence or negligence of a lessee's employee does not justify reinstatement of a lease terminated for failure to make a timely rental payment." Id. at 16.
 
 
 4
 Plaintiffs charge that the Secretary's narrow interpretation of § 188(c)'s reinstatement standards is arbitrary, capricious, and an abuse of discretion, see 5 U.S.C. § 706(2)(A), and that the lease payment procedures which plaintiffs used in this case constitute reasonable diligence and thus justify under § 188(c) the late payments. However, "the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong " Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969). Accord, Andrus v. Idaho, 445 U.S. 715, 729, 100 S.Ct. 1450, 1458, 63 L.Ed.2d 739 (1980) (stating that "we have in other cases accorded a considerable deference to the responsible agency's construction of the statute which it administers"). And although the Secretary's interpretation of "reasonable diligence" and "justifiable" is indeed narrow, it is not arbitrary or capricious, and is not an abuse of the discretion granted by § 188(c). The cases noted above indicate that the Secretary has not so fettered himself that he cannot "do equity" as directed by Congress. H.R.Rep.No.1005, 91st Cong., 2d Sess., reprinted in (1970) U.S.Code Cong. & Ad.News 3002. Nor has the Secretary failed to note Congress' concern that lessees may seek "the advantage that could result from 'intentional' mistakes whereby unethical operators could knowingly underpay or submit rentals late and thereby gain additional time while oilfield 'play' is developing." Id. at 3005. The Secretary's narrow interpretation of § 188(c)' § reinstatement standards does obviate the concern that excuses based solely upon employee negligence or misconduct are too easily manufactured and are more subject to fraud than petitions based upon circumstances truly beyond the lessee's control. The Secretary need not embark on a petition by petition search for such fraud but can properly interpret § 188(c)'s mandate in a manner that efficiently precludes the possibility altogether. See SEC v. Chenery Corp., 332 U.S. 194, 202, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947); 3 K. Davis, Administrative Law Treatise, 24-28 (2d ed. 1980). In addition, reading "justifiable" and "reasonable diligence" narrowly provides an incentive for lessees to develop procedures which assure timely payment.
 
 
 5
 According the Secretary's interpretation the "considerable deference" it is due, we cannot see that it is arbitrary, capricious, or otherwise not in accordance with law. As applied to the facts of plaintiffs' petition, this interpretation did not allow for reinstatement of plaintiffs' cancelled leases.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 30 U.S.C. § 188(c) provides in pertinent part as follows:
 Where any lease has been or is hereafter terminated automatically by operation of law under this section for failure to pay on or before the anniversary date the full amount of rental due, but such rental was paid on (sic ) or tendered within twenty days thereafter, and it is shown to the satisfaction of the Secretary of the Interior that such failure was either justifiable or not due to a lack of reasonable diligence on the part of the lessee, the Secretary may reinstate the lease if
 (1) a petition for reinstatement, together with the required rental is filed with the Secretary
 
 
 [2]
 Plaintiffs' affidavits submitted with their motion for summary judgment state that the employee's answers did not reflect the true state of her work. The affidavits do not make clear, however, whether the employee's misstatements resulted from deceit or a mistake. In either case, our analysis would be the same
 
 
 [3]
 In support of the second part of the Secretary's position, the IBLA decisions cite 43 C.F.R. § 3108.2-1(c)(2), which provides that "(r)easonable diligence normally requires sending or delivering payments sufficiently in advance of the anniversary date to account for normal delays in the collection, transmittal, and delivery of the payment." (Emphasis added). While plaintiffs in their brief make much of the liberality implied by "normally," it is apparent that the Secretary reads "normally" to suggest no more than that "factors outside lessee's control" which proximately cause any late payment but not factors within lessees' control, such as negligent or deceptive employees may permit a finding of "reasonable diligence."